IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILTON FREDERICK BLAND,**

    **Plaintiff,**

v.               Civil Action No. 2:15cv14
                   (Judge Bailey)

**LESTER THOMPSON, Unit Manager, B-Unit,**
**ROBIN MILLER, Associate Warden of Programs,**
**MARVIN PLUMLEY, Warden,**
**HUTTONSVILLE CORRECTIONAL CENTER**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. Introduction

On February 18, 2015, Wilton Bland, a West Virginia inmate incarcerated at the Mount Olive Correctional Center filed a "Motion for Movement." (Dkt. No. 1.). Said Motion was used to open a Petition for Writ of Mandamus on Plaintiff's behalf. In the Motion, Plaintiff indicates that he and Brandon Costello, also a West Virginia prisoner, both wish to be moved to the Mount Olive Correctional Center or the Northern Correctional Facility so they can jointly work on a civil action that they are about to file with this Court.

### I1. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief

1

against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. *See Neitzke* at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." *See Neitzke* at 327 and *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), a civil rights case. The court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must except as true all of the allegations contained in a complaint is in inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice....(Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we " are not bound to

> accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8...does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S.Ct. At 1949-50. (internal citations omitted).

### III. Analysis

Pursuant to 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the Court's authority to issue a writ of mandamus extends only to the issuance of writs necessary or appropriate in aid of its jurisdiction. 28 U.S.C. § 1651. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." *Kerr v.United States Dist. Court*, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted).

In this instance, Plaintiff does not seek a writ of mandamus against an "officer or employee of the United States or any agency thereof." Therefore, his right to a writ of mandamus is not clear and indisputable. Moreover, whether or not this Court has the authority to issue a writ against, presumably, the West Virginia Department of Correction, Plaintiff has failed to meet the requirements for invoking such a drastic remedy. Plaintiff does not allege, much less establish, that

he has no other adequate means to attain the relief he desires. Rather, it would appear from the Motion that Plaintiff should have sought relief through the WVDOC grievance process.

Furthermore, the Supreme Court of the United States has held that an inmate has no justifiable expectation that he will be incarcerated in any particular correctional facility. In *Meachum v. Fano*, 427 U.S. 215 (1976) and *Montanye v. Haymes*, 427 U.S. 236 (1976), the Court held that an intrastate transfer from one prison facility to another "does not directly implicate the Due Process Clause of the Fourteenth Amendment." *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Specifically, the court stated:

> The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.
>
> Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose.

*Id.* (quoting *Meachum*, 427 U.S. at 224-225)(emphasis in original). In *Olim*, the Court further wrote that "a holding that 'any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts.'" *Id*. (quoting *Meachum*, 427 U.S. at 225)(emphasis in original). Thus, Plaintiff has no constitutional right to be incarcerated in a particular facility, and this Court does not have the authority to order the WVDOC to move him to any specific facility.

## VI. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that this action be

**DISMISSED with prejudice** under 28 U.S.C. § 1915(e) as a frivolous claim, and Plaintiff's Motion for Appointment of Stand By Counsel (Doc. 2) be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.
DATED: February 24, 2015.

                                           /s Robert W. Trumble
                                           ROBERT W. TRUMBLE
                                           UNITED STATES MAGISTRATE JUDGE